Argued and submitted February 13,
affirmed March 24, 1980

# FIRST NATIONAL BANK OF OREGON,
*Appellant,*

*v.*

# PORTER,
*Respondent.*

## (No. 77-2950-L-1, CA 14798)

608 P2d 598

Hugh B. Collins, Medford, argued the cause and filed the briefs for appellant.

James T. Mulhall, Ashland, argued the cause and filed the brief for respondent.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, Chief Judge.*

**RICHARDSON, J.**

---

*Schwab, C.J. *vice* Lee, J., deceased.

## RICHARDSON, J.

This is an action by the payee of a promissory note against the maker of the note to recover the unpaid balance, interest and attorney fees. Defendant filed an answer admitting that he executed the note and delivered it to plaintiff, but denied personal liability on the note. Defendant pleaded an affirmative defense to the effect that he had been induced to execute the note because of a representation by plaintiff that it was an obligation of a corporation of which defendant was an officer and a stockholder. Plaintiff's reply denied the allegation of the affirmative defense.

The court directed a verdict on the issues in plaintiff's complaint but submitted the affirmative defense to the jury which found for defendant. Judgment was entered for defendant.

The essence of plaintiff's contention on appeal is that the affirmative defense was not properly pleaded in that the necessary elements of fraudulent misrepresentation were not alleged. In conjunction with that contention, plaintiff also argues that the court should not have submitted the equitable defense to the jury, but should have decided it in plaintiff's favor.

Plaintiff did not move against the answer or otherwise call to the attention of the trial court any claimed defect in the answer. The only objection made to submission of the affirmative defense to the jury was on the ground that the parol evidence rule excluded oral testimony in conflict with the terms of the written note. This was based upon plaintiff's earlier objection to the admission of defendant's testimony regarding the representations that the note was a corporate obligation. Plaintiff did not object to submission of the defense to the jury on the grounds it was an equitable defense triable by the court or that the defense was improperly pleaded. We decline to consider these contentions because they were not raised in the trial court.

Affirmed.